IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 06-CV-4161 |
| | : | |
| VINCENT GUARINNI, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Presently pending are Defendants' Motions to Dismiss, and Plaintiff's response thereto. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. Because the court concludes that Plaintiff has adequately pled a claim for violations of his rights under the Eighth Amendment, Defendants' Motions will be denied.

I.     FACTS AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that, while an inmate at Lancaster County Prison in May, 2006, Plaintiff injured his back when he fell from steps in the prison's Medical Housing Unit. On August 4, 2006, while Plaintiff was leaning against the bunk in his cell, the welding which attached the bunk to the wall broke, causing the bunk to collapse. As a result, Plaintiff alleges that he suffered additional injuries, including lower back pain, pain and numbness in his legs, nausea, vomiting, feelings of disorientation, and the inability to walk normally.

Plaintiff alleges that on August 11, 2006, he complained to Defendant Dr. Robert Doe, and was told that his pain would be discussed at a later date, although at the time of the filing of the instant action no such conversation had taken place. Plaintiff wrote to the prison medical department on August 25, 2006, requesting that his medicine be brought directly to his cell, because he was unable to walk to the medication line as a result of the pain in his legs. The prison authorities allegedly denied his request. Plaintiff also submitted a complaint on August 25, 2006, regarding a correctional officer who allegedly took away Plaintiff's recreation time for

walking to slowly. Thereafter, Plaintiff claims his pain medication was stopped altogether. Plaintiff alleges that he filed two additional complaints regarding his pain medication, but that as of the time of the filing of the instant action he had not received physical therapy or adequate treatment for his pain.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The court "must take all the well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988). In Swierkiewicz, the United States Supreme Court addressed the liberal pleading standards set forth in Fed.R.Civ.P. 8(a)(2), noting that Fed.R.Civ.P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz, 534 U.S. at 508. The Supreme Court further noted that the statement of facts must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A *pro se* complaint, as in the instant action, is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In Estelle v. Gamble, 429 U.S. 97 (1976) the Supreme Court considered a claim made by a prisoner alleging failure to provide adequate medical treatment. The Court wrote,

> . . . deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. 104-05 (internal citations omitted).  Extreme pain qualifies as a "serious medical need."  See Spruhill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

      Taking all of Plaintiff's allegations as true, Plaintiff has adequately stated a claim for deliberate indifference to serious medical needs, which is actionable under the Eighth Amendment.  Specifically, Plaintiff has alleged that Defendants' failed to adequately treat the severe pain he experienced as a result of his two falls, that they ceased his pain medication without justification, and that they failed to provide physical therapy to treat his injuries.  These allegations are sufficient to meet Plaintiff's burden under Federal Rule of Civil Procedure 12(b)(6).

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREY YUDENKO, :
:
    Plaintiff, :
v. : No. 06-CV-4161
:
VINCENT GUARINNI, et al., :
:
    Defendant. :

## ORDER

**AND NOW**, this 12th day of April, 2007, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Dkt. # 12 and #14) are **DENIED**.

BY THE COURT:

s/Clifford Scott Green

CLIFFORD SCOTT GREEN, S.J.