IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO | : | CIVIL ACTION |
| | : | NO. 06-cv-04161-LS |
| VS. | : | |
| | : | JUDGE LAWRENCE F. STENGEL |
| VINCENT GUARINI, ET AL. | : | |

### ORDER

AND NOW this _____ day of _____, 2009 it is hereby ORDERED and DECREED based on Defendants' Motion in Limine to remove all individual defendants from this case, said motion is GRANTED. Vincent Guarini, Lance Seibert, Robert Bodnar and Brian Weaver are dismissed from this matter and shall be taken off of the caption. Lancaster County shall remain as the only defendant in this matter.

**BY THE COURT:**

_____
**J. Stengel.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO | : | CIVIL ACTION |
| | : | NO. 06-cv-04161-LS |
| VS. | : | |
| | : | JUDGE LAWRENCE F. STENGEL |
| VINCENT GUARINI, ET AL. | : | |

**DEFENDANTS' MOTION IN LIMINE REMOVE ALL
INDIVIDUALLLY NAMED DEFENDANTS FROM THIS ACTION**

Defendants by and through counsel William J. Ferren & Associates hereby files this Motion in Limine to remove all individually named defendants from this action.

1.  The remaining claims in this lawsuit are purported violations of the Americans with Disability Act (ADA) (Count II of the Amended Complaint) and negligence under the Pennsylvania Political Subdivision Tort Claims Act (Count III of the Amended Complaint).

2.  Mr. Yudenko's ADA claim arises from his assertion that he was denied certain services while an inmate at Lancaster County Prison.

3.  Mr. Yudenko's tort claim cause of action arises from a claim that on August 4, 2006 his bunk broke causing him injuries.

**ADA**

4.  According to Title II of the ADA "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 USC §12132.

5.  Public entity is defined as (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in

section 24102(4) of Title 49.) 42 U.S.C. §12131(1)(B).  **See also** Heckensweiler v. McLaughlin, 517 F.Supp. 2d. 707, 34 NDLR P 241 (E.D. Pa. 2007).

**Pennsylvania Political Subdivision Tort Claims Act**

6. Presumably, plaintiff's cause of action under the Pennsylvania Political Subdivision Tort Claims Act arises from the real property exception which states that a local agency may be liable for "[t]he care, custody or control of real property in the possession of the local agency…" 42 Pa.C.S.A. §8542(b)(3).

7. A local agency is defined as "[a] government unit other than the Commonwealth government.  The term includes an intermediate unit." 42 Pa.C.S.A. §8501.

WHEREFORE, it is respectfully requested that Defendants' Motion in Limine is granted.

        **WILLIAM J. FERREN & ASSOCIATES**

BY:    Christine E. Munion, Esquire
        /s/ Christine E. Munion, Esquire
        ID#:  72724
        Attorney for Defendants
        Vincent Guarini, Warden, individually and in his official capacity;
        Lance Seibert, Deputy Warden, individually and in his official capacity; Robert Bodnar, Associate Warden, individually and in his official capacity;
        10 Sentry Parkway, Suite 301
        Blue Bell, PA  19422
        (215) 274-1731
        CMUNION@travelers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO | : | CIVIL ACTION |
| | : | NO. 06-cv-04161-LS |
| VS. | : | |
| | : | JUDGE LAWRENCE F. STENGEL |
| VINCENT GUARINI, ET AL. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO REMOVE ALL INDIVIDUALLY NAMED DEFENDANTS FROM THIS ACTION**

Defendants by and through counsel William J. Ferren & Associates hereby files this Memorandum of Law in support of their Motion in Limine to remove all individually named defendants from this action and in support thereof states as follows:

**ADA**

Lancaster County is the only defendant remaining in this action that can be found to have violated the Americans with Disability Act (ADA). According to Title II of the ADA "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a **public entity**, or be subjected to discrimination by any such entity." 42 USC §12132 (emphasis added). A public entity is defined as (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49.) 42 U.S.C. §12131(1)(B). **See also** Heckensweiler v. McLaughlin, 517 F.Supp. 2d. 707, 34 NDLR P 241 (E.D. Pa. 2007). Therefore, only Lancaster County may be liable to Plaintiff under the ADA and all remaining defendants should be dismissed.

**Pennsylvania Political Subdivision Tort Claims Act**

Similarly, Plaintiff's negligence claim can only be asserted against Lancaster County. Presumably, plaintiff's cause of action under the Pennsylvania Political Subdivision Tort Claims Act arises from the real property exception which states that a **local agency** may be liable for "[t]he care, custody or control of real property in the possession of the local agency…" 42 Pa.C.S.A. §8542(b)(3) (emphasis added). A local agency is defined as "[a] government unit other than the Commonwealth government. The term includes an intermediate unit." 42 Pa.C.S.A. §8501.

WHEREFORE, it is respectfully requested that Defendants' Motion in Limine is granted and all individually named defendants are removed from this action.

                **WILLIAM J. FERREN & ASSOCIATES**

BY:    Christine E. Munion, Esquire
         /s/ Christine E. Munion, Esquire
         ID#: 72724
         Attorney for Defendants
         Vincent Guarini, Warden, individually and in his official capacity;
         Lance Seibert, Deputy Warden, individually and in his official capacity; Robert Bodnar, Associate Warden, individually and in his official capacity;
         10 Sentry Parkway, Suite 301
         Blue Bell, PA 19422
         (215) 274-1731
         CMUNION@travelers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO | : | CIVIL ACTION |
| | : | NO. 06-cv-04161-LS |
| VS. | : | |
| | : | JUDGE LAWRENCE F. STENGEL |
| VINCENT GUARINI, ET AL. | : | |

## CERTIFICATE OF SERVICE

I, Christine E. Munion, Esquire of William J. Ferren & Associates certify that a true and correct copy of Defendants' Motion in Limine to Remove All Individually Named Defendants AND Memorandum of Law in Support of Motion was sent to all parties via United States Mail, postage pre-paid on **April 14, 2009:**

Su Ming Yeh, Esquire and
Angus Love, Esquire
Pennsylvania Institutional Law Project
718 Arch Street
Suite 304 South
Philadelphia, PA 19106
**Attorney for Plaintiff**

**WILLIAM J. FERREN & ASSOCIATES**

BY:   Christine E. Munion, Esquire
/s/ Christine E. Munion, Esquire
ID#: 72724
Attorney for Defendants
Vincent Guarini, Warden, individually and in his official capacity; Lance Seibert, Deputy Warden, individually and in his official capacity; Robert Bodnar, Associate Warden, individually and in his official capacity;
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
(215) 274-1731
CMUNION@travelers.com