IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREY YUDENKO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 06-4161 |
| | : | |
| **VINCENT GUARINI, ET AL.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

STENGEL, J.                                                                                                July 16, 2009

**I.   INTRODUCTION**

Audrey Yudenko, a former inmate at the Lancaster County prison, brought this Americans with Disabilities Act[1] case alleging that his treatment while incarcerated exacerbated his pre-existing ankle injury. His motion to exclude his prior convictions at trial will be denied in part and granted in part.

**II.   BACKGROUND**[2]

Yudenko alleges that the prison did not properly accommodate his disability, negligently denied him prison services, and failed to maintain his bunk bed, all in violation of the ADA and Pennsylvania tort law. In May 2006, while Yudenko was an inmate at Lancaster County prison, he injured his back by falling down stairs in the Medical Housing Unit. Several months later, on August 4, 2006, while he was leaning against the bunk in his cell, the welding that attached the bunk to the wall broke, causing

---

[1] 42 U.S.C. § 12101, *et seq.*

[2] The discussion of the factual background is largely taken from the plaintiff's complaint.

1

the bunk to collapse. As a result, Yudenko alleges that he suffered additional injuries, including lower back pain, pain and numbness in his legs, nausea, vomiting, feelings of disorientation, and the inability to walk normally.

On August 11, 2006, Yudenko complained to defendant Dr. Robert Doe, and was told that his pain would be discussed at a later date, although at the time of the filing of this case no such conversation had taken place. Yudenko wrote to the prison medical department on August 25, 2006. He requested that his medicine be brought directly to his cell because he was unable to walk to the medication line as a result of the pain in his legs. The prison authorities allegedly denied the request. Yudenko also submitted a complaint to Associate Warden Bodnar on August 25, 2006, regarding a correctional officer who took away Yudenko's recreational time for walking to slowly. Thereafter, Yudenko claims his pain medication was stopped altogether.

In September 2006, Yudenko filed a complaint with Associate Warden Bodnar regarding the correctional officer. He also filed a complaint with Deputy Warden Seibert about the correctional officer and his lack of medical treatment. The plaintiff contends he still has not received physical therapy or adequate treatment for his pain. Defendant Guarinni is the warden of Lancaster County Prison.

## II.   DISCUSSION

Some of Yudenko's criminal convictions are admissible: those convictions

relevant to Yudenko's credibility under F.R.E. 609,[3] especially those involving crimes of dishonesty (robbery, receiving stolen property and theft by unlawful taking), will be admitted.

**A.     The 1995 Convictions in Washington State Are Barred by Rule 609**

Yudenko pleaded guilty to robbery and eluding in Washington state on June 15, 1995.  He served over three years in prison on those two convictions, after which he withdrew his guilty plea to the robbery charge and it was dismissed. Plaintiff's Mem. at 1. Yudenko was released after about four years of incarceration.

The robbery conviction was dismissed, therefore it is not admissible.  The record presented by Yudenko from the Superior Court for King County does not state whether the dismissal of the charges was based on a finding of innocence or some other reason.  In any event, it does not appear that the dismissal was a "pardon, annulment, certificate of rehabilitation or other equivalent procedure" as defined by Rule 609 (c)(1) (providing that if a person is "convicted of a subsequent" felony, convictions that were "the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a

---

[3]F.R.E. 609 states in relevant part: "(a) General rule.--For the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

finding of the rehabilitation of the person convicted" are admissible).  Therefore, the rule will be construed in Yudenko's favor and Rule 609(c)(2) will be applied.  Subsection (c)(2) prohibits the introduction of convictions that are "the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence."

The "eluding" conviction from King County is more than ten years old and is not a crime of falsehood.  Although it is not apparent from the record, it appears that Yudenko was also released from custody for the eluding conviction more than ten years ago because he pleaded guilty on June 15, 1995 and was incarcerated for about four years.  Eluding a police officer is a class C felony in Washington.  See Rev. Code Wash. Ann. 46.61.024.  Fed. R. Evid. 609(b) provides: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."  Therefore, this felony is not admissible because it is more than ten years old and the underlying crime was not a crime of falsehood.

Further, the probative value of a conviction for eluding does not outweigh its prejudicial effect.  The fact that Yudenko served four years for eluding a police officer is certainly prejudicial.  In the absence of any specific facts or circumstances about this

4

crime the probative value of the conviction to Yudenko's credibility is especially difficult to gauge. Therefore, defendants will not be permitted to introduce any evidence regarding Yudenko's eluding conviction.

**B.      Driving While Operating Privilege Is Suspended Convictions are Not Admissible Under Rule 609**

The "driving while operating privilege is suspended" crimes under 75 P.A.C.S. § 1543 (Yudenko has at least three such convictions) are not admissible for two reasons. First, they are summary offenses.[4] In Pennsylvania, this crime is punishable by a maximum of ninety days in prison. Secondly, they do not fall under Rule 609's *crimen falsi* exception because it is not a crime of falsehood to drive without a license. Therefore, the "driving while operating privilege is suspended" crimes will not be admitted.

**C.      Five of Yudenko's Crimes Are Admissible Under Rules 609 and 403**

A number of Yudenko's crimes are admissible because they are less than ten years old, and/or are *crimen falsi*, and/or are punishable by more than one year in prison and because Yudenko's credibility is an issue in this case.

Yudenko's credibility is central in this case because defendants dispute almost all of his claims: whether he had a serious medical need, whether he told anyone that he

---

[4] "75 P.A.C.S. §1543 does provide that a second violation of that section while intoxicated is a third-degree misdemeanor (for which an offender may receive up to a year incarceration), however none of Yudenko's violations of this section except the 2002 conviction appear (at least from the record) to have involved any intoxication.

needed accommodations at the prison, and whether he requested bottom tier status at the prison. There are no medical records or expert reports, therefore Yudenko's credibility will be the most critical factor to the jury's resolution of the case. Def. Mem. at 5.

Five of Yudenko's crimes are admissible under Rule 609. First, Yudenko's September 1, 2006 convictions for DUI and receiving stolen property are admissible because the former is a felony and the latter is a crime of falsehood. They both occurred only three years ago. Yudenko's November 20, 2003 plea of no contest to receiving stolen property which carried a minimum sentence of 227 days incarceration is admissible because it is a felony and because it occurred only six years ago. Further, it was a crime of falsehood. Yudenko's May 19, 2004 plea of no contest to theft by unlawful taking is admissible because it is a crime of falsehood that occurred less than ten years ago that exposed him to up to one year and eleven months incarceration. Finally, Yudenko's guilty plea to DUI on May 10, 2002 is admissible because it is a felony that occurred less than ten years ago. Each of these crimes qualifies for admission under Rule 609.

In <u>Diggs v. Lyons</u>, 741 F.2d 577, 581-82 (3d Cir. 1984) the Third Circuit stated that there is no difference in the rule's application between civil and criminal cases. Further, the district court does not have the discretionary authority to exclude the prior convictions (admissible under Rule 609) as prejudicial to the witness. Even if this court did have the authority to exclude those of Yudenko's convictions that are admissible under Rule 609, their probative value is not outweighed by the danger of unfair prejudice under Rule 403.

Specifically, the prior *crimen falsi* convictions (including convictions for receiving stolen property and theft by unlawful taking) have significant impeachment value. They are probative of Yudenko's character for truthfulness or deceit. Further, all of the convictions that will be admitted occurred in the last ten years. In fact, the most recent conviction occurred only three years ago. The two convictions for driving under the influence of alcohol are felony offenses because the maximum penalty in Pennsylvania is two years. The potential for prejudice from admitting the convictions is not high, given that Yudenko brings this action for injuries he suffered while an inmate. The jury will already know that Yudenko spent time in the Lancaster county prison; any additional information about other convictions or incarcerations is not unduly prejudicial.

### III.   CONCLUSION

For the foregoing reasons, the motion will be denied in part and granted in part. An appropriate Order follows.