IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREY YUDENKO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-4161 |
| | : | |
| LANCASTER COUNTY PRISON, | : | |
| Defendant | : | |

## MEMORANDUM

STENGEL, J.                                     August 3 , 2009

## I.   INTRODUCTION

Audrey Yudenko, a former inmate at the Lancaster County prison, alleges that his treatment while incarcerated violated the Americans with Disabilities Act[1] and exacerbated his pre-existing ankle injury. Defendant's motion to preclude Yudenko from testifying about the nature and duration of his injuries will be denied.

## II.   BACKGROUND[2]

Yudenko alleges that the prison did not properly accommodate his disability, negligently denied him prison services, and failed to maintain his bunk bed, all in violation of the ADA and Pennsylvania tort law. In May 2006, while Yudenko was an inmate at Lancaster County prison, he injured his back by falling down stairs in the Medical Housing Unit. Several months later, on August 4, 2006, while he was leaning against the bunk in his cell, the welding that attached the bunk to the wall broke, causing the bunk to collapse. As a result, Yudenko alleges that he suffered additional injuries,

---

[1] 42 U.S.C. § 12101, *et seq.*

[2] The discussion of the factual background is largely taken from the plaintiff's complaint.

including lower back pain, pain and numbness in his legs, nausea, vomiting, feelings of disorientation, and the inability to walk normally.

In 2005, Yudenko had fractured his back and left ankle by falling 25-35 feet off a roof. Pl. Depo. at 79, lines 8-20; 179-80. As a result, when Yudenko entered the Lancaster County prison in 2006, he was continuing to receive medical treatment for his injuries from that fall. Three years before his fall from the roof, Yudenko was injured seriously in a car accident. He had head trauma and facial fractures as a result of that accident. Pl. Depo. at 65, 72, 172 and 130. His jaw was wired shut and a metal plate was placed in his head to treat these injuries. Id.

Yudenko does not intend to call a medical expert at trial. He plans to offer his own testimony about his immediate symptoms, as well as the nature and duration of his prison injuries.

## II.   DISCUSSION

Yudenko will not call any medical experts to testify at trial about his injuries that resulted from his time at Lancaster County prison. No medical expert will testify about which of his injuries, if any, were caused by the incidents at the prison. Further, no medical expert will testify regarding his medical expenses.

Defendant's objection to Yudenko's testimony goes more to the weight of that evidence than to its admissibility. Defendant has recognized that there are difficulties for Yudenko with offering his own testimony regarding the nature and duration of his injuries. The potential weakness of this evidence does not render it inadmissible.

2

Yudenko's testimony about his symptoms is relevant. Even if a medical expert were called, Yudenko would be permitted to testify about how long experienced his symptoms and what those symptoms consisted of. That testimony will tend to make it more or less probable that Yudenko was injured seriously by the prison's acts or omissions. See Fed. R. Evid. 401.

Defendant may cross-examine Yudenko about his medical training or lack thereof, about the fact that he had pre-existing injuries, about the fact that he cannot offer any sort of expert opinion about what, if any, permanent effect his prison injuries may have had and what portion of Yudenko's harm was even attributable to his prison injuries.

Nothing in the record suggests that Yudenko has medical training or expertise. It is not likely that he will be testifying as an expert under Fed. R. Evid. 702. Therefore, his testimony "in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on [his] perception . . . (b) helpful to a clear understanding of [his] . . testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

## III.   CONCLUSION

For the foregoing reasons, the defendant's motion will be denied. An appropriate Order follows.