IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREY YUDENKO,  : CIVIL ACTION
    Plaintiff  :
      :
v.  : NO. 06-4161
      :
LANCASTER COUNTY PRISON,  :
    Defendant  :

## MEMORANDUM

STENGEL, J.            July 31, 2009

### I. INTRODUCTION

Audrey Yudenko, a former inmate at the Lancaster County prison, brought this Americans with Disabilities Act[1] case alleging that his treatment while incarcerated exacerbated his pre-existing ankle injury. Defendant's motion to preclude plaintiff's claim for payment of medical bills will be granted.[2]

### II. BACKGROUND[3]

Yudenko alleges that the prison did not properly accommodate his disability, negligently denied him prison services, and failed to maintain his bunk bed, all in violation of the ADA and Pennsylvania tort law. In May 2006, while Yudenko was an inmate at Lancaster County prison, he injured his back by falling down stairs in the Medical Housing Unit. Several months later, on August 4, 2006, while he was leaning

---

[1] 42 U.S.C. § 12101, *et seq.*

[2] The motion also requests that evidence of Yudenko's wage loss be precluded. In his response, Yudenko states that he does not intend to introduce any evidence regarding wage loss.

[3] The discussion of the factual background is largely taken from the plaintiff's complaint.

against the bunk in his cell, the welding that attached the bunk to the wall broke, causing the bunk to collapse. As a result, Yudenko alleges that he suffered additional injuries, including lower back pain, pain and numbness in his legs, nausea, vomiting, feelings of disorientation, and the inability to walk normally.

On August 11, 2006, Yudenko complained to defendant Dr. Robert Doe, and was told that his pain would be discussed at a later date, although at the time of the filing of this case no such conversation had taken place. Yudenko wrote to the prison medical department on August 25, 2006. He requested that his medicine be brought directly to his cell because he was unable to walk to the medication line as a result of the pain in his legs. The prison authorities allegedly denied the request. Yudenko also submitted a complaint to Associate Warden Bodnar on August 25, 2006, regarding a correctional officer who took away Yudenko's recreational time for walking too slowly. Thereafter, Yudenko claims his pain medication was stopped altogether.

In 2005, Yudenko had fractured his back and left ankle by falling 25-35 feet off a roof. Pl. Depo. at 79, lines 8-20; 179-80. As a result, when Yudenko entered the Lancaster County prison in 2006, he was continuing to receive medical treatment for his injuries from that fall. Three years before his fall from the roof, Yudenko was injured seriously in a car accident. He had head trauma and facial fractures as a result of that accident. Pl. Depo. at 65, 72, 172 and 130. His jaw was wired shut and a metal plate was placed in his head to treat these injuries. Id.

## II. DISCUSSION

Yudenko will not call any medical experts to testify at trial about his injuries that resulted from his time at Lancaster County prison. No medical expert will testify about which of his injuries, if any, were caused by the incidents at the prison. Further, no medical expert will testify regarding his medical expenses. Specifically, the jury will not hear from an expert regarding which of the treatments Yudenko received were as a result of his prison injuries and whether or not they were necessary or reasonable. Nevertheless, Yudenko has stated that he will introduce bills for medical treatment at trial. Yudenko produced some medical bills during discovery, but he never presented any medical records for those bills.

It is not clear that the medical bills are relevant evidence. Fed. R. Evid. 402 provides that "Evidence which is not relevant is not admissible." Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Yudenko argues that the medical bills are relevant because they establish that Yudenko suffered both physical and, subsequently, economic harm as a result of getting hurt at the prison. The extent of Yudenko's harm is a central issue in this case. But the medical bills alone, without any medical records explaining for what care or medication the charges were incurred, are not relevant.

Yudenko was suffering from back and ankle injuries before and during his

3

incarceration at Lancaster County prison. He was receiving medical treatment and medication prior to entering the prison. Yudenko entered and remained in the Medical Housing Unit the entire time he stayed at the prison. Further, Yudenko continued to receive medical treatment for his back and ankle injuries after his incarceration ended. Without any medical records to connect the bills to specific treatment, it will not be possible for the jury or the court or even the parties to know whether the bills reflect harm as a result of the injuries Yudenko alleges that he suffered in the prison or pre-existing injuries. Therefore, the bills alone cannot establish the extent of harm Yudenko suffered from his prison injuries.

Further, the medical bills' probative value, if any, is substantially outweighed by the risk of jury confusion. Fed. R. Evid. 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of . . .confusion of the issues, or misleading the jury." In this case, the jury will be confused by the introduction of medical bills without corresponding records for the treatment he received. Therefore, Yudenko will be precluded from introducing his medical bills at trial.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion will be granted. An appropriate Order follows.