# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREY YUDENKO,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 06-cv-4161** |
| | : | |
| **VINCENT GUARINNI, et al.** | : | |
| **Defendants** | : | |

## MEMORANDUM

**Stengel, J.**                                                                                                **June 14, 2010**

Following an August 2009 jury trial, judgment was entered in favor of Lancaster County and against Andrey Yudenko in this prisoner civil rights case. Vincent Guarinni, Lance Seibert, Robert Bodnar, and Brian Weaver were dismissed prior to trial.

On November 6, 2009, Mr. Guarinni, Mr. Seibert, Mr. Bodnar, Mr. Weaver, and Lancaster County filed a bill of costs, to which Mr. Yudenko objected. On February 19, 2010, the Clerk of Court taxed costs in the amount of $3,576.37.[1] Mr. Yudenko filed this motion to vacate the clerk's taxation of costs. For the reasons discussed below, this motion will be granted.

---

[1] The clerk of court allowed the requested costs except the $2,000 fee for the expert's review of the records and it allowed only a $40.00 attendance fee for the expert witness, not the $3,500 requested. Clerk's Taxation of Costs at 8-9, Yudenko v. Guarini, No. 06-4161 (E.D. Pa. filed Feb. 19, 2010).

**I.      DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides:  "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . .  The clerk may tax costs on 14 days notice.  On motion served within the next 7 days, the court may review the clerk's action."  The defendants filed a timely bill of costs.

Mr. Yudenko objects to specific costs taxed by the Clerk of Court and requests the taxation of costs be vacated because he is indigent.  Some of the challenged costs are taxable.  The bill of costs, however, will be vacated due to Mr. Yudenko's indigency.

A.      Objections to Specific Costs

A prevailing party in a civil case may recover filing fees, copying costs, witness fees, printing costs, compensation for certain experts, and fees for interpreters.[2]      Mr.

---

[2]  28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters,

Yudenko challenges the taxation of the following costs:  photocopying costs; certain costs associated with the depositions, including delivery and postage fees, charges for copies of exhibits, and travel expenses; and the charges for subpoena and copy service for medical records.

### 1.    Photocopy Costs

Mr. Yudenko maintains the photocopy costs should not be allowed because the photocopy invoices are not itemized.  Motion to Vacate at 7.

The "costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable.  28 U.S.C. § 1920(4).  "The party seeking costs for copying . . . must provide evidence of the material copied so that the court can determine whether each copy was in fact necessary."  Montgomery Co. v. Microvote Corp., 2004 WL 1087196, at *7 (E.D. Pa. May 13, 2004) (quoting Herbst v. General Accident Ins. Co., 2000 WL 1185517, at *2 (E.D. Pa. Aug. 21, 2000)).  Although "the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the 'best breakdown of the copied material obtainable from its records.'"  Montgomery Co., 2004 WL 1087196, at *7 (quoting Ass'n of

and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Minority Contractors & Suppliers, Inc. v. Halliday Props., Inc., 1999 WL 1551903, at *4 (E.D. Pa. June 24, 1999)).

Where the prevailing party does not provide an itemized description of the copying, courts have disallowed or reduced the photocopying costs because they were unable to determine whether the costs were necessary. See Morgan-Mapp v. George W. Hill Correctional Facility, 2009 WL 1035141, at *3 (E.D. Pa. Apr. 16, 2009) (where prevailing party "provide[d] no description of the material being copied," the court could not determine whether the copies were necessary and the court did not allow the unidentified costs to be taxed); Montgomery County, 2004 WL 1087196, at *8 (reducing copying costs because the prevailing party failed "to provide an adequate breakdown of copying costs"); Elliott, Reihner, Siedzikoski, & Egan, Inc. v. Richter, 2000 WL 427377, at *4 (E.D. Pa. Apr. 20, 2000) (disallowing the taxation of copying costs because the costs were not itemized, the prevailing party merely submitted a chart with dates and corresponding amounts without a description of the items copied); Ass'n of Minority Contractors and Suppliers, 1999 WL 551903, at *4 (copying costs not taxed because prevailing party "[did] not provide a sufficient breakdown of their copying costs to enable the court to evaluate the necessity of these costs").

Although defendants provided receipts for the photocopying, they do not provide a description of the photocopies obtained.[3] See The Bill of Costs to the Clerk of Courts of

_____

[3] The photocopying fees include $67.41 from a February 11, 2008 invoice from Landmark Legal Solutions, $275.97 from a June 24, 2008 invoice from Landmark Legal

Defendants Vincent Guarini, et al. at Exh. B, <u>Yudenko v. Guarini</u>, No. 06-4161 (E.D. Pa.

filed Nov. 6, 2009). Therefore, I am unable to determine whether the costs were

necessary, and taxation of these costs will not be allowed.


       2.     <u>Deposition Transcript Costs</u>

Mr. Yudenko does not dispute the costs for the depositions, but does object to the

additional expenses on the transcript invoices, i.e., the charges for copies of exhibits, the

delivery or postage fees, and the court reporter travel costs.

       a)     <u>Costs for Photocopies of Exhibits</u>

The "costs of making copies of any materials where the copies are necessarily

obtained for use in the case" are taxable. 28 U.S.C. § 1920(4). In <u>Wesley</u>, 2008 WL

2609720, at *3, relied on by Mr. Yudenko, the court disallowed the cost for a copy of

exhibits because a prevailing party should not be allowed to "recover costs for . . . excess

copying that the party could have done on its own." <u>Id.</u> Defendants maintain the cost for

the copying of exhibits is taxable because "deposition transcripts must be delivered with

the exhibits attached in order to be any benefit to the effective defense of the case."

The taxation of costs for the copy of exhibits is allowable because the copies were

"necessarily obtained for use in the case."

---

Solutions, $45.07 from a July 2, 2007 invoice from InnoSource Business Solutions, and $18.64
from a July 2, 2007 invoice from InnoSource Business Solutions.

b) <u>Postage Costs</u>

"The Court of Appeals 'disallows costs for the following non-inclusive list of items: postage and courier fees, overtime, unreasonable author's alterations, motions, and non-filed documents.'" <u>Neena S. ex rel. Robert S. v. Sch. Dist. of Phila.</u>, 2009 WL 2245066, at *10 (E.D. Pa. July 27, 2009) (quoting <u>Matter of Penn Cent. Transp. Co.</u>, 630 F.2d 183, 191 (3d Cir. 1980)); <u>accord</u> <u>Laura P. v. Haverford Sch. Dist.</u>, 2009 WL 1651286, at *9 (E.D. Pa. June 12, 2009); <u>but</u> <u>see, e.g.,</u> <u>Coastal Mart, Inc. v. Johnson Auto Repair, Inc.</u>, 2001 WL 253873, at * (E.D. Pa. Mar. 14, 2001) (finding the attorney fee and costs were reasonable where the costs included postage and messenger fees). Accordingly, the taxation of costs labeled "[p]ostage and [h]andling," "[s]hipping and handling," and "[s]hipping via UPS"on the transcript invoices will not be allowed. <u>See, e.g.,</u> <u>Neena S. ex rel. Robert S.</u>, 2009 WL 2245066, at *10.[4]

c) <u>Court Reporter's Travel Costs</u>

The invoice from Diamond Court Reporting for the deposition of Mr. Yudenko includes $65.00 in travel expenses. The taxation of these travel costs is allowable.

Although Mr. Yudenko includes the travel expenses in his itemized list of challenged deposition expenses, he provides no argument as to why the costs should not be allowed. Courts have found a court reporter's fee for his or her appearance is taxable.

---

[4] The postage fees for the deposition transcripts include: $6.00 from an April 13, 2008 invoice from Allen S. Blank, RMR; $6.00 from a February 12, 2008 invoice from Allen S. Blank RMR; $20.00 from an April 9, 2008 invoice from the Esquire Deposition Services, LLC; and $6.50 from the February 8, 2008 invoice from Diamond Court Reporting.

Wesley, 2008 WL 2609720, at *2 (collecting cases); accord Fairley v. Andrews, 2008

U.S. Dist LEXIS 28325, at *16-17 (N.D. Ill. Apr. 8, 2008) (affirming court reporter

attendance fee of $100).  In addition, where there were no local court reporters, courts

have allowed the taxation of a court reporter's travel expenses.  See Tharo Sys., Inc. v.

Cab Produkttechnik, 2005 WL 1123595, at *1 (N.D. Ohio May 10, 2005) (court reporter

travel costs were incidental to deposition and taxable where court reporter traveled to

Germany because no local court reporters were available).


                3.       Costs for Subpeona and Copy Service for Medical Records

Mr. Yudenko challenges the following fees associated with obtaining the medical

records:  initial fee, expedited services, fee advancement, obtain authorization, medical

tabs, and medical billing.

In Montgomery County v. Microvote Corp., 2004 WL 1087196, at *5 (E.D. Pa.

May 13, 2004), the court disallowed costs for expedited preparation because "such costs

were not 'necessarily obtained' for use in preparing for and trying the case."  The court

noted the fees "were solely for the convenience of counsel and, therefore," should not be

taxed to the prevailing party.  Id.

Although defendants maintain they had to request the medical records because Mr.

Yudenko did not provide them, they have not explained why the medical records required

expedited service.[5] Therefore, the taxation of costs for expedited service will not be

allowed. The other costs, however, are associated with the cost of obtaining the medical

records, and are taxable. See Stevens v. D.M. Bowman, Inc., 2009 WL 117847, at *5

(E.D. Pa. Jan. 15, 2009) (allowing taxation of costs for the copying and production of

medical records).


   B.  Whether Plaintiff Should be Required to Pay Costs

  Rule 54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the

prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000)

(quoting 10 MOORE"S FEDERAL PRACTICE § 54.101, at 54-149 (3d ed. 1999)). If a

district court denies costs to the prevailing party, it "must 'support[] that determination

with an explanation.'" Id. (quoting Institutionalized Juveniles v. Sec. of Pub. Welfare,

758 F.2d 897, 926 (3d Cir. 1985)) (alternations in original). "[T]he losing party bears the

burden of making the showing that an award is inequitable under the circumstances." Id.

(citing 10 MOORE's, supra, § 54.101, at 54-151 & n.7). A district court may consider

---

 [5] The expedited service costs include: $20.00 from a January 16, 2008 invoice from Medical Legal Reproductions, Inc.; $20.00 from a February 18, 2008 invoice from Medical Legal Reproductions, Inc.; $20.00 from an August 12, 2008 invoice from Medical Legal Reproductions, Inc.; $20.00 from an August 18, 2008 invoice from Medical Legal Reproductions, Inc.; $20.00 from an August 18, 2008 invoice from Medical Legal Reproductions, Inc.; $15.00 from a February 19, 2007 invoice from Medical Legal Reproductions, Inc.; $20.00 from an August 14, 2008 invoice from Medical Legal Reproductions, Inc.; and $20.00 from a February 20, 2008 invoice from Medical Legal Reproductions, Inc.

the following factors to determine whether an award of costs is inequitable: "(1) the

prevailing party's unclean hands, bad faith, dilatory tactics, or failure to comply with

process during the course of the instant litigation or the costs award proceedings; and (2) .

. . the losing part[y's] potential indigency or inability to pay the full measure of a costs

award levied against [him or her]." In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468.[6]

"[I]f a party is indigent or unable to pay the full measure of costs, a district court

may, but need not automatically, exempt the losing party from paying costs." In re Paoli

R.R. Yard PCB Litig., 221 F.3d at 464 (citing Smith, 47 F.3d at 99).[7] "In assessing the

[p]laintiff's indigency or modest means . . . [a] [c]ourt should measure each [p]laintiff's

---

[6] A district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." In re Paoli R.R. Yard PCB Litig., 221 F.3d at 468.

[7] See also Wesley v. Dombrowski, 2008 WL 2609720, at *5 (E.D. Pa. June 26, 2008) (court reduced the costs taxed against the plaintiff to $500 because "common sense dictates that, based on a review of his finances, taxing the full amount would be inequitable," but denied the plaintiff's request to be excused from the payment of all costs because the plaintiff "presented no evidence of his indigence other than his own statement," his inmate account indicated he received gifts and he maintained a positive balance, he did not spend the money on medical care or other necessities, and he did not offer evidence he could not find employment while incarcerated); Guynup v. Lancaster County, 2009 WL 3073718, at *2 (E.D. Pa. Sept. 24, 2009) (the court reduced the taxed costs because of the plaintiff's indigence, reasoning although the plaintiff "may be unable to pay this amount now or in the future[,] [s]ome consequence should follow from filing but losing a case, even a civil rights case"); Lindsey v. Vaughn, 2001 WL 1132409, at *2 (E.D. Pa. Sept. 24, 2001) (vacating the award of costs and finding "in light of the relative disparity in wealth between the parties, the indigence of plaintiffs and the equities of the matter before me . . . to force the plaintiffs to pay the costs award assessed by the clerk would be unduly burdensome").

9

financial condition as it compares to whatever award the [c]ourt decides to tax against

him or her." Id. at 464 n.5. No "hard and fast rules" exist for assessing a losing party's

indigency or inability to pay. Id. "[D]istrict courts should use their common sense in

making this determination." Id.

Mr. Yudenko requests the court exercise its discretion to not tax costs against him

because he is indigent and unable to pay the costs. Mr. Yudenko submitted a declaration.

Motion to Vacate Bill of Costs at Exh. 1, Yudenko v. Guarini, No. 06-04161 (E.D. Pa.

filed Feb. 24, 2010) [hereinafter Declaration]. The declaration states he lives with his

parents and does not pay rent. Id. at ¶ 3. He has no income because he is disabled and

unable to walk or stand for a significant period of time, id. at ¶ 4, and he does not receive

government cash assistance or benefits, id. at ¶ 5. He has no assets, id. at ¶ 6, but owes

over $20,000 to Lancaster County because of prior incarcerations, id. at ¶ 7. Mr.

Yudenko's parents and brother support him financially, and the only income his parents

receive is through their pension. Declaration at ¶ 9-10.

Mr. Yudenko submitted his October 2009 bank account statement, which indicates

his balance as of September 22, 2009 was $6.62, one deposit of $40.00 was made in

October, and his balance on October 22, 2009 was $46.62. Motion to Vacate Bill of

Costs at Exh. 2. Mr. Yudenko did not submit any other monthly bank statement. Mr.

Yudenko also submitted a bill from a debt collector for Lancaster County Court of

Common Pleas stating he owed $20,873.08 to Lancaster County, and owed an installment

of $10.00 by October 25, 2009.

Although some of the County's costs may be assessed against Mr. Yudenko under the law, considerations of fairness and common sense weigh against the taxation of costs. Mr. Yudenko felt his civil rights were violated and brought the § 1983 action to vindicate his rights. The defendants made clear their position at trial and in pre-trial motions: Mr. Yudenko's claims were frivolous. The jury gave careful consideration to the facts of the claims. Ultimately, the jury found Mr. Yudenko did not prove the elements of his civil rights case.

With its defense verdict in hand, the defendants now want me to enforce the Clerk's taxation of $3,576.37 in costs against Mr. Yudenko, a disabled and indigent man. Under these specific circumstances, there is a punitive aspect to this request. I am concerned that Mr. Yudenko, or anyone associated with this case, might reasonable consider this assessment of costs a "penalty" for pursuing his civil rights claim all the way though verdict.

Mr. Yudenko brought his claim, the County disagreed, and they all had their day (actually three days) in court. The assessed costs should not discourage or limit the ability of the plaintiff to bring a suit. See In re Paoli, 221 F.3d at 462 (noting the "indigency or inability to pay factor" "is 'founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a

defense that might have some merit'" (quoting 10 Wright et al., § 2665, at 202)).

Mr. Yudenko is an indigent and disabled man and has no income. As of October 2009, he had $46.62 in his bank account but owed over $20,000 to the Lancaster County Court of Common Pleas. Because he does not have the means to pay an award of costs, Mr. Yudenko's motion to vacate costs will be granted.


## II.     CONCLUSION

Although some costs are allowable,[8] the taxation of costs against Mr. Yudenko will be vacated. Taxation of costs against the indigent, disabled Mr. Yudenko would be inequitable.

An appropriate order follows.

---

[8] The taxation of costs for the photocopying of materials other than the copies for transcript exhibits, the postage costs for the transcript materials, and the expedited service costs for the medical records are not allowable. All other challenged costs are taxable.